IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ECHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-07781 |
| | ) | |
| DENNIS A. BREBNER & ASSOCIATES, | ) | |
| and DENNIS A. BREBNER, | ) | |
| | ) | <u>Jury Demanded</u> |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Michael Echols, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter which threatened to take legal action that it did not intend to take, in violation of the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6. Plaintiff, Michael Echols, ("Plaintiff") is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to Valley Emergency Care, Inc. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Dennis A. Brebner & Associates is a Law Firm with its principal place of business at 860 S Northpoint Blvd, Waukegan, Illinois 60085-8211. The firm is not registered with the State of Illinois to conduct business in Illinois

8. Defendant, Dennis A. Brebner is an attorney licensed to practice law in the state of Illinois, with a registered business address of 860 S Northpoint Blvd, Waukegan, IL 60085. He is not registered with the State of Illinois to conduct business in Illinois.

9. Defendants Dennis A. Brebner & Associates and Dennis A. Brebner (collectively, "Brebner") are engaged in the business of a collection agency, using the mails and telephone to collect or attempt to collect consumer debts originally owed to others.

10. Brebner regularly collects or attempts to collect defaulted consumer debts.

11. Thus, Brebner is a "debt collector" as that term is defined at § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes originally for emergency medical services at Valley Emergency Care Inc. The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

13. Due to Plaintiff's financial circumstances, he could not pay any debts and the alleged debts went into default.

14. Brebner was subsequently retained or hired to collect the alleged debt from Plaintiff.

15. On or about May 26, 2017, Brebner sent a collection letter directly to Plaintiff regarding the alleged debt. (Exhibit A, Collection Letter).

16. The letter conveyed information regarding the alleged debt, including Brebner's "Client", account number, and an Account Balance on the alleged debt.

17. The Letter is thus a communication as that term is defined at §1692a(2) of the FDCPA.

18. The Letter states in relevant part:

> **If you refuse to contact me I can only assume that you will not pay for the services rendered and I must proceed accordingly.**

19. Plaintiff believed, and the unsophisticated consumer would believe that Brebner was stating that a lawsuit or some other further legal action was possible if Plaintiff did not resolve the alleged debt, especially since the letter was from a law firm.

20. However, Valley Emergency Care Inc., does not sue consumers in Kane County, Illinois.

21. Brebner's threat was false, as it never intended to sue Plaintiff over the alleged debts.

22. Brebner made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debts.

23. Brebner's threat was intended to make the consumer afraid of a lawsuit or other legal action, even though it does not take legal action in this district.

24. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

25. Brebner threatened legal action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it falsely threatened that it would file a lawsuit.

26. A statement is deceptive under the FDCPA if it leads the unsophisticated consumer to believe he may be sued, when the debt collector has no intention of filing a lawsuit. *Cuenca v. Harris & Harris, Ltd.*, No. 16-CV-05385, 2017 WL 1196922, at *3 (N.D. Ill. Mar. 31, 2017); *Koval v. Harris & Harris, Ltd.*, No. 16-CV-08449, 2017 WL 1321152, at *2 (N.D. Ill. Apr. 5, 2017).

27. Brebner's statement is carefully crafted to obscure the debt collector's intentions, namely, that it might file a lawsuit, and is therefore misleading as a matter of law. *Id.* (citing *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 WL 1160902, at *6 (7th Cir. Mar. 29, 2017).

28. To date, Brebner has not sued Plaintiff for the alleged debt, and his client Valley Emergency Care, has not sued any other consumers in Kane County for consumer debts.

29. Plaintiff experienced negative emotions about Defendants' false communications, including annoyance, aggravation, and other garden variety emotional distress.

30. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff re-alleges above paragraphs as set forth fully in this count.

32. Brebner threatened legal action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it falsely threatened the possibility of legal action against Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com